## RUSSELL *v.* FABYAN.

A motion for a special commission to take the testimony of a witness, disabled by paralysis to attend court, whose testimony was material and within his knowledge alone, on the ground that he had refused to give his deposition before a justice of the peace, and the remedy by attachment before a justice and fine, or by a suit at law, was inadequate, was declined as an unusual exercise of the powers of the court, and because there was no doubt of the power of the Supreme Court, as a court of equity, to cause the deposition to be taken *de bene esse* upon a bill for that purpose.

In this and three other cases Messrs. *Benton* and *Bellows*, counsel for Russell, moved in the Court of Common Pleas that a special commission may be granted to take the deposition of Noah Burnham, of Concord, to be used in those cases in which he is a material witness, and that the commissioner be empowered to compel the attendance of the witness for that purpose.

The grounds shown for the application are that Mr. Burnham's testimony is material, and necessary for the said Russell upon the trial of said actions, because he is able to testify as to many material facts which are not known, or supposed to be within the knowledge of any other person. Said Burnham is unable, by reason of paralysis of his lower limbs, to attend the court in this county, and refuses, although duly summoned, to give his deposition; and the remedy of the said Russell by an attachment before a justice, or by a suit at law, is wholly inadequate.

The motion was resisted by Messrs. *Lyford* and *Burns*, and *Fletcher*, for the adverse parties, and the question transferred to this court.

BELL, J.   This case raises the question of the power of the Court of Common Pleas to issue a special commission to take the testimony of a material witness, who is unable to attend court, and refuses to give a deposition, and to authorize the commissioner to compel the attendance of the witness for that purpose.

In *Cater* v. *McDaniel*, 1 Foster 231, the Superior Court were of opinion that the powers of the courts here in relation to depositions, beyond those exercised by courts of common law elsewhere, were derived from statutes and controlled by them, and were not to be traced to any ancient customs or usages, independent of statutes; and that the court could not dispense with any of the requirements of the statute as to notice.

It by no means follows that the courts have not the power, to prevent a failure of justice, to issue a commission to take the testimony of witnesses in proper cases by depositions, to compel the attendance of the witnesses, and to allow the testimony of witnesses so taken to be used.

It would be an unfortunate deficiency in the power of any court, that they could not take such testimony; and it might be perhaps properly regarded as essential to every court of general jurisdiction, and therefore a part of the powers necessarily belonging to them.   But we are not inclined to direct that such a commission should be issued in the present case, because such an exercise of power is unusual, and because we are satisfied that the suffering party may have adequate relief in a mode open to no question or exception, by an application to the equitable powers of this court.

The rule in equity is laid down clearly in 2 Story Eq. Jur., sec. 1514.   " By the common law, it is well known that the courts of law have no authority to issue commissions to take the testimony of witnesses *de bene esse*, in any case.   But courts of equity have been constantly in the habit of exercising such jurisdiction in aid of trials at law, where the subject matter admits of present judicial investigation, and is actually pending in some court.   They will, for example, upon a proper bill grant a commission to examine witnesses who are abroad, and who are mate-

Russell *v.* Fabyan.

rial witnesses to the merits of the cause, whether the adverse party consent thereto or not.   They will also entertain a bill to preserve the testimony of aged and infirm witnesses, resident at home, or of witnesses about to depart from the country, to be used in a trial at law, in a suit then pending, if they are likely to die before the time of trial may arrive.   They will even entertain such a bill to preserve the testimony of a witness who is neither aged nor infirm, if he is a single witness to a material fact in the cause."   And in Story Eq. Pl., sec. 307, it is said : " If the witness is infirm, or in ill health to an extent likely to destroy his life, *or to prevent his attendance at the trial,* his testimony may be taken at any age."   2 Dan. Ch. Pr. 1111–14 ; 1 Mad. Ch. Pr. 185 ; Welf Eq. Pl. 144 ; Tamlyn's Eq. Ev. 66 ; Jeremy's Eq. Jur. 272.

The grounds of this jurisdiction are quoted by Ld. *Eldon,* in *Macaulay* v. *Sharkell,* 1 Bligh. N. S. 119, from the reasons of appeal in *Davis* v. *Verelst,* in the House of Lords.   See 2 Story Eq. Jur., sec. 1514, note : " Where witnesses reside abroad and can not or will not personally attend in England, the power of the courts of law is at an end, as they have no means of examining witnesses abroad ; but the court of chancery having an authority to issue commissions under the great seal, for examining witnesses in causes in that court, the suitors, defendants at law, have availed themselves of the power of the court of chancery to come in and supply the failure of justice, by preferring their bills there, containing a state of their case and of the proceedings at law, with the defendant's misfortune that their witnesses being resident abroad and not compellable to appear, they cannot have the benefit of their testimony, and therefore praying that the court will relieve them against this accident, and grant them a commission for the examination of their witnesses, to the end that their depositions may be read at law ; and as it would be nugatory to try the cause without evidence, praying also that the plaintiff at law may be restrained by injunction from proceeding in the meantime, till the return of the commission.   Both the courts of chancery and of exchequer, as courts of equity, have

always entertained these bills as belonging to one of their great sources of jurisdiction—the relief against such accidents as are beyond the power of courts of law to aid."

The courts of law here have for an unknown period exercised the power of issuing commissions to take depositions of witnesses residing out of the country. We have found no explanation of this customary exercise of power. It may perhaps be explained as to the superior court, by the historical fact that, by the statutes organizing the superior court of the Province, it was in terms vested with all the power, jurisdiction and authority of the courts of king's bench, common pleas and exchequer, in England, and the latter court had all the powers of the court of chancery as to taking testimony by depositions, either at home or abroad.                                    *Motion denied.*